EUGENIA S. RINHART, RELATOR, v. SEAMAN I. WRIGHT, BUILDING INSPECTOR OF THE CITY OF SUMMIT, IN THE COUNTY OF UNION AND STATE OF NEW JERSEY, RESPONDENT.

Argued October 2, 1945—Decided November 1, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the relator, *Lyness & Bedell* (*Joseph I. Bedell* and *Charles Blume,* of counsel).

For the respondent, *Frederick C. Kentz.*

The opinion of the court was delivered by

OLIPHANT, J. This cause is before us on the return of an alternative writ of *mandamus.* Relator seeks to require a building inspector to issue to her a certificate of occupancy.

Relator was the owner of premises No. 50 New England Avenue, Summit. She made application to the respondent for a certificate of occupancy as provided for by the zoning ordinance of that city. It was denied.

Section 20 of the ordinance provided in part:

"It shall be the duty of the Building Inspector to issue a Certificate of Occupancy within ten days after a written request for the same shall be filed in his office by any owner, *after having determined that the building and the proposed use thereof, conform with said Ordinances.*"

Under the ordinance questions of fact were committed to the discretion of the building inspector. He having determined them a writ will not issue to disturb or over-ride that determination. *Gleistman* v. *West New York et al.,* 74 *N. J. L.* 74.

The record discloses no appeal by relator to the Board of Adjustment from the adverse ruling of the building inspector as provided for in *R. S.* 40:55–42, or if one was taken that a writ of *certiorari* had been applied for to review the decision of that board under *R. S.* 40:55–46. Until the relator has exhausted the remedies provided for by statute a writ of *mandamus* will not issue. *Eaton* v. *City of Newark,* 3 *N. J. Mis. R.* 363.

Relator contends the zoning ordinance is unreasonable, void and inequitable. We are not persuaded that this is so and under the facts exhibited proper practice is to test this question by way of a writ of *certiorari. Payne* v. *Sea Bright,* 14 *N. J. Mis. R.* 756.

The alternative writ will be dismissed and the application for a peremptory writ denied.